IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MATTHEW LOUIS COLLINS, | § | |
| Reg. No. 75454-065, | § | |
|     Petitioner, | § | |
| | § | EP-17-CV-87-PRM |
| v. | § | |
| | § | |
| J. SCOTT WILLIS, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered Petitioner Matthew Louis Collins's "Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241" (ECF No. 1) [hereinafter "Petition"], filed on March 23, 2017, in the above-captioned cause. Seeking relief from his sentence, Petitioner, a federal prisoner at the La Tuna Federal Correctional Institution in Anthony, Texas,[1] "is not asserting factual innocence of his crime of conviction, but [challenging] enhancements utilized to sentence him."[2] After reviewing the record and for the reasons discussed below, the

---

[1] Anthony is located in El Paso County, Texas, which is within the territorial confines of the Western District of Texas. *See* 28 U.S.C. § 124(d)(3) (2012).

[2] Pet'r's Mem. in Supp. 1, Mar. 23, 2017, ECF No. 2.

-1-

Court will *sua sponte* dismiss the Petition, pursuant to 28 U.S.C. § 2243.[3]

## I. BACKGROUND AND PROCEDURAL HISTORY

According to court records in case number 6:13-CR-344-MC-1 in the United States District Court for the District of Oregon,[4] on August 1, 2013, Petitioner entered a guilty plea to an information charging him with one count of possession with intent to distribute methamphetamine. At his sentencing, the prosecutor reported Petitioner had a long history of criminal conduct:

> He has been a Central Oregon drug dealer for quite some time, and to put it simply, he's been running amuck out there. Since his twenties he has been convicted of dealing in coke; dealing in meth. He has been arrested with firearms. He has been involved in multiple burglaries, one of which resulted in someone being beat in the side of the head with a crowbar.[5]

---

[3] 28 U.S.C. § 2243 (2012) ("A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

[4] *See* Def.'s Am. Mot. to Vacate, *United States v. Collins*, 6:13-CR-344-MC-1 (D. Or. June 3, 2016), ECF No. 41.

[5] Sentencing Tr. 5, *United States v. Collins*, 6:13-CR-344-MC-1 (D. Or.

As a result of this criminal history, the probation officer who prepared Petitioner's presentence investigation report recommended, *inter alia*, that a prior Oregon burglary conviction would qualify as a "crime of violence" pursuant to the career offender definitions in Sentencing Guidelines §§ 4B1.1 and 4B1.2. The probation officer also noted that each of Petitioner's two prior Oregon delivery-of-a-controlled-substance convictions would qualify as a "controlled substance offense" pursuant to the same career offender definitions. The career offender enhancement increased Petitioner's offense level to 34. After reducing the total offense level for his acceptance of responsibility and taking into account a criminal history category VI, Petitioner faced a Sentencing Guideline range of 188–235 months' imprisonment. The parties mutually recommended a downward variance to a 140-month sentence. The Oregon district court accepted the recommendation and sentenced Petitioner to 140 months' imprisonment. Petitioner did not appeal.

---

Dec. 29, 2014), ECF No. 32.

On November 12, 2014, Petitioner filed a motion under § 2255 alleging various grounds for relief. The Oregon district court denied this motion on all but one ground. The Oregon district court left open Petitioner's arguments for a sentence reduction under Amendment 782 to the Sentencing Guidelines, and appointed the Federal Public Defender to address that claim. The Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015), twenty-three days later.

In *Johnson* the Supreme Court declared that the residual clause of the Armed Career Criminal Act, which defined a "violent felony" as an offense "otherwise involv[ing] conduct that presents a serious potential risk of physical injury to another,"[6] was "unconstitutionally vague" because the "indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges."[7] Although the Supreme Court had sought through prior cases to "develop the boundaries of the residual clause in a more precise fashion," "federal courts remained mired in

---

[6] *See* 18 U.S.C. § 924(e)(2)(B)(ii) (2012).

[7] *Johnson*, 135 S. Ct. at 2557.

'pervasive disagreement' over how the clause should be interpreted."[8] Thus, the Supreme Court held that the residual clause "vague in all its applications" and stated that "[i]ncreasing a defendant's sentence under the clause denies due process of law."[9]

On June 3, 2016, Petitioner filed a motion to reopen the § 2255 proceedings and permit him to file an amended motion based on the Supreme Court's holding in *Johnson*.[10] Petitioner's amended motion claimed that under *Johnson*, his prior conviction for burglary was not a "crime of violence" under the Sentencing Guidelines. The United States moved to stay the proceedings until the courts could determine whether *Johnson* applied retroactively to Sentencing Guidelines sentences.[11] The Oregon district court granted the motion for a stay.[12] The Supreme

---

[8] *Welch v. United States*, 136 S. Ct. 1257, 1261 (2016).

[9] *Johnson*, 135 S. Ct. at 2557, 2561.

[10] *See* Def.'s Am. Mot to Vacate, *United States v. Collins*, 6:13-CR-344-MC-1 (D. Or. June 3, 2016) ECF No. 41.

[11] *See* Gov't's Resp. and Mot for Stay, *United States v. Collins*, 6:13-CR-344-MC-1 (D. Or. June 10, 2016), ECF No. 43.

[12] *See* Order, *United States v. Collins*, 6:13-CR-344-MC-1 (D. Or. June

Court subsequently held in *Beckles v. United States*, 137 S. Ct. 886 (2017) "that the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause."[13]

In his instant petition, Petitioner asserts "[t]he decision in Mathis[14] plainly and unmistakenly [sic] leads to the conclusion that the definition of 'delivery of a controlled substance" in Oregon Revised Statute 475.992(1)(a) is not a 'contolled [sic] substance offense'" for the purposes of the career offender Sentencing Guidelines.[15] He maintains, however, that he cannot further amend his § 2255 motion in the Oregon district court, and his § 2241 petition is the only way he can obtain sentencing relief:

> Petitioner has already noted for this Court that his first and only 28 U.S.C. § 2255 is stayed

---

14, 2016), ECF No. 44.

[13] *Beckles*, 137 S. Ct. at 290.

[14] *See Mathis v. United States*, 136 S. Ct. 2243, 2257 (2016) ("Because the elements of Iowa's burglary law are broader than those of generic burglary, [the petitioner's] convictions under that law cannot give rise to an [Armed Career Criminal Act] sentence.").

[15] Pet'r's Mem in Supp. 3.

pending Beckles v US, 136 S.Ct. 2510 (cert. granted) June 27, 2016) and NO amendments are permitted during this stay period. Hence, 28 U.S.C. § 2241 is the only vehicle available to [Petitioner] to seek this relief of constitutional violations pursuant [Petitioner's] sentencing and resulting incarceration.[16]

## II. APPLICALBE LAW

"A section 2241 petition for habeas corpus on behalf of a sentenced prisoner attacks the manner in which his sentence is carried out or the prison authorities' determination of its duration."[17] To prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."[18] A § 2241 petitioner may make this attack only in the district court with jurisdiction over his custodian.[19] By contrast, a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 "'provides the

---

[16] *Id.* at 6.

[17] *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted).

[18] 28 U.S.C. § 2241(c).

[19] *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).

primary means of collateral attack on a federal sentence.'"[20]  Thus, relief under § 2255 is warranted for errors that occurred at trial or sentencing.[21]  A § 2255 petitioner may only bring his motion in the district of conviction and sentence.[22]

Section 2255 does contain a "savings clause" which acts as a limited exception to these general rules.  It provides that a court may entertain a petition for writ of habeas corpus challenging a federal criminal conviction if it concludes that filing a motion to vacate, set aside or correct sentence pursuant to § 2255 is inadequate to challenge a

---

[20] *Pack*, 218 F.3d at 451 (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)).

[21] *See Ojo v. I.N.S.*, 106 F.3d 680, 683 (5th Cir. 1997) ("Because all of the errors [the petitioner] alleges [occurred before or during sentencing], they must be addressed in a § 2255 petition, and the only court with jurisdiction to hear that is the court that sentenced him."); *Cox*, 911 F.2d at 1114 ("The district court's dismissal of these grounds clearly was proper because they concerned alleged errors that occurred at sentencing and, therefore, may be remedied under section 2255."); *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1131 (5th Cir. 1987) (explaining that, because defendant's claims attacked the constitutionality of his conviction and proof of his claims would undermine the validity of his conviction, his exclusive initial remedy was a motion under § 2255).

[22] *Pack*, 218 F.3d at 452.

prisoner's detention.[23] Furthermore, a petitioner must satisfy a two-prong test before he may invoke the "savings clause" to address errors occurring at trial or sentencing in a petition filed pursuant to § 2241:

> [T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.[24]

A petitioner must prove both prongs to successfully invoke the savings clause.[25] Thus, § 2241 is not a mere substitute for § 2255, and a petitioner bears the burden of showing that the § 2255 remedy is

---

[23] *See* 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*") (emphasis added).

[24] *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

[25] *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005).

inadequate or ineffective.[26]

With these principles in mind, the Court turns to Petitioner's claims.

## III. ANALYSIS

In his Petition, Petitioner "is not asserting factual innocence of his crime of conviction, but [challenging] enhancements utilized to sentence him."[27] Petitioner may proceed with an attack on the validity of his sentence in a § 2241 petition only if he can meet both prongs of the stringent test for the § 2255(e) "savings clause."[28]

The first prong of the test is, essentially, an "actual innocence" requirement whose "core idea is that the petitioner may be have been imprisoned for conduct which was not prohibited by law."[29] To meet the first prong, a petitioner must rely on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a

---

[26] *Reyes-Requena*, 243 F.3d at 901 (citing *Pack*, 218 F.3d at 452; *Kinder v. Purdy*, 222 F.3d 209, 214 (5th Cir. 2000)).

[27] Pet'r's Mem. in Supp. 1.

[28] *See Kinder*, 222 F.3d at 212.

[29] *Reyes-Requena*, 243 F.3d at 903.

nonexistent offense.[30]

Petitioner's claim challenging the enhancement of his sentence under Sentencing Guidelines §§ 4B1.1 and 4B1.2—based in part on two prior Oregon delivery-of-a-controlled-substance convictions—fails to satisfy the first prong. He has not alleged or shown that he "*was convicted of a nonexistent offense*," and his claim "has no effect on whether the facts of his case would support his conviction for the substantive offense."[31] Therefore, since Petitioner's claim does not meet the stringent requirements of the savings clause, the Court will not allow him to proceed with this claim pursuant to § 2241.

Moreover, the Fifth Circuit has held that "[t]his Court and other Courts of Appeals have consistently noted that 'a prior unsuccessful [§] 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy.'"[32] The Court finds that Petitioner's assertion that § 2255 is an inadequate or ineffective means of attacking

---

[30] *Id.* at 904.

[31] *See Padilla*, 416 F.3d at 427 (emphasis added).

[32] *Pack*, 218 F.3d at 452 (quoting *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)).

his current confinement is unpersuasive.

## IV. CONCLUSION AND ORDERS

As stated above, 28 U.S.C. § 2241 does not provide the authority for the Court to address Petitioner's claims. The Court will, therefore, dismiss Petitioner's Petition as frivolous, and to the extent that Petitioner's Petition may be construed as a § 2255 motion, the Court will dismiss it for lack of jurisdiction.[33] Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Petitioner Matthew Louis Collins's *pro se* "Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241" (ECF No. 1) is **DENIED** and his civil cause is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that all pending motions in this cause, if any, are **DENIED AS MOOT**.

---

[33] *See Ojo*, 106 F.3d at 683.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SIGNED** this __12__ day of **April, 2017**.

_____
PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE